```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                                                                  :
          -v-                                                     :     24-cr-186 (LJL)
                                                                  :
 EDUARDO SUAZO NUNEZ,                                             :     MEMORANDUM AND
                                                                  :         ORDER
                    Defendant.                                    :
                                                                  :
------------------------------------------------------------------ :
                                                                  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2024

LEWIS J. LIMAN, United States District Judge:

      Defendant Eduardo Suazo Nunez moves, pursuant to Federal Rule of Criminal Procedure 12(b), to dismiss the indictment against him on the grounds that the illegal reentry statute, 8 U.S.C. § 1326, he is charged with violating was enacted with overtly racist and discriminatory intent against Latinos in violation of the equal protection guarantees of the Fifth Amendment.  Dkt. Nos. 36–37.

      As Suazo Nunez acknowledges, his precise argument was rejected by the Second Circuit in *United States v. Suquilanda*, 116 F.4th 12 (2d Cir. 2024).  The Second Circuit found "compelling evidence" that the 1929 Act, which was the predecessor of the Immigration and Nationality Act of 1952 which included § 1326, "was promulgated with racial animus as a motivating factor," *id.* at 141, and "acknowledged its abhorrent origins," *id.* at 142.  It also found that the legislative history of the 1952 Act "clearly demonstrates discriminatory animus from some members of Congress." *Id.* at 143.  But, relying in part on the presumption of legislative good faith and relying in part on the post-1952 amendments to § 1326 which were "not alleged to be tainted by any discriminatory intent contemporaneous with their passage," *id.* at 144, the court rejected the constitutional challenge.

This Court is bound by decisions of the Second Circuit.  *See United States v. Shvartsman*, 2024 WL 1193703, at *29 n.23 (S.D.N.Y. Mar. 20, 2024) ("Indeed, a published decision by the Second Circuit binds future panels and district courts within the Circuit unless the decision is overruled by the *en banc* Second Circuit or by the Supreme Court." (citation omitted)); *accord Close v. State of N.Y.*, 125 F.3d 31, 38 (2d Cir. 1997) (similar).  Accordingly, the motion to dismiss is denied.

SO ORDERED.

Dated: October 17, 2024
      New York, New York

                                      LEWIS J. LIMAN
                                  United States District Judge